# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA DUPONT | CIVIL ACTION |
| VERSUS | NO: 17-4469 |
| COSTCO WHOLESALE CORPORATION, ET AL. | SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. #8) is **DENIED**.

## BACKGROUND

This matter comes before the court on plaintiffs' motion to remand. Plaintiff, Lisa Dupont, a citizen of Louisiana, argues that this court does not have diversity jurisdiction under 28 U.S.C. § 1332 because the defendant she named as "JANE DOE, an employee of COSTCO WHOLESALE CORPORATION", is also likely to be a citizen of Louisiana.

Dupont, filed this action against Costco Wholesale Corporation, a Washington citizen, and Jane Doe, in the Civil District Court, Parish of Orleans, State of Louisiana, alleging that she was injured when she slipped and fell inside Costco's store in New Orleans, Louisiana. Jane Doe is an unidentified Costco employee who allegedly knew about a liquid substance on the floor on which Dupont slipped, and failed to clean it up.

Costco removed the action to the United States District Court for the Eastern District of Louisiana alleging that this court has diversity subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332, because there is more than $75,000 in controversy and the named parties are completely diverse. Dupont filed a motion to remand arguing that the court should find that there is no diversity subject matter jurisdiction because Jane Doe is sufficiently described to allow the

court to conclude that she is likely a citizen of Louisiana. Dupont does not contest that there is more than $75,000 in controversy.

## ANALYSIS

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The federal district courts have original subject matter jurisdiction based on diversity of citizenship when the cause of action is between "citizens of different States" and the amount in controversy exceeds the "sum or value of $75,000, exclusive of interest and costs." Id. at § 1332(a). Pursuant to § 1441(b), "[i]n determining whether a civil action is removable on the basis of [diversity subject matter] jurisdiction under section 1332(a) . . ., the citizenship of defendants sued under fictitious names shall be disregarded." Id. at § 1441(b).

The named parties in this action, Dupont and Costco have diverse citizenship, and it is undisputed that there is more than $75,000 in controversy. However, Dupont argues that this court should follow the reasoning of Thompkins v. Lowe's Home Center, Inc., 847 F.Supp. 462 (E.D. La. 1994), and consider Jane Doe's likely Louisiana citizenship to find that there is no diversity subject matter jurisdiction.

In Thompkins, the plaintiff was injured while shopping in a Lowe's home improvement store when an unidentified employee knocked a steel pipe from a shelf onto plaintiff's toe. Plaintiff filed suit against Lowe's, its unidentified insurer, and the unidentified employee, i.e. "John Doe", in the state court. Lowe's removed the action to the United States District Court for the Eastern District of Louisiana. Plaintiff later discovered the identity of the employee, and amended his complaint to

2

substitute "John Doe" with the employee's name. Lowe's did not oppose the motion. Plaintiff then filed a motion to remand, arguing that the substitution of the employee for "John Doe" destroyed diversity. Lowe's opposed the motion to remand, arguing that pursuant to the removal statute, 28 U.S.C. § 1441, the citizenship of defendants sued under fictitious names is disregarded for purpose of removal. The court, relying on Green v. Mutual of Omaha, 550 F.Supp. 815, 818 (N.D. Cal. 1982), held that the unidentified employees citizenship should have been considered for removal purposes because "plaintiffs' allegations [gave] a definite clue about the identity of a fictitious defendant by specifically referring to an individual who acted as a company's agent."

Thompkins relied on Green which predates the 1988 amendment to § 1441 that added the language in § 1441(b) mandating that the citizenship of defendants sued under fictitious names shall be disregarded in determining the removability of actions based on diversity subject matter jurisdiction under § 1332. The United States Court of Appeals for the Fifth Circuit had followed the mandate of § 1441(b). See Kemp v. CTL Distribution, Inc., 440 Fed. Appx. 240 (5th Cir. 2011); Vaillancourt v. PNC Bank, Nat'l Ass'n, 771 F.3d 843 (5th Cir. 2014). Therefore, Thompkins is inapplicable, and Jane Doe's likely citizenship should be disregarded for removal purposes.[1] Because the named parties, Dupont and Costco, are completely diverse and there is more than $75,000 in

---

[1] Other sections of this court have also found that the plain language of the removal statute does not permit the exception described in Thompkins. See Thompson v. ZC Sterling Ins. Agency, Inc., 2007 WL 1098883 (E.D. La. April 11, 2007) (Africk, J.); Whiddon v. Wal-Mart Stores, Inc., 2005 WL 14912 (E.D. La. Jan. 3, 2005) (Vance, J.); Lewis v. Valero Refining-New Orleans, 2017 WL 955684 E.D. La. Mar. 13, 2017) ("the statutory directive to disregard the citizenship of defendants under fictitious names is unambiguous.").

controversy, this court has diversity subject matter jurisdiction under § 1332, and Dupont's motion to remand is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. #8) is **DENIED**.

New Orleans, Louisiana, this __2nd__ day of August, 2017.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**