# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LISA DUPONT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-4469** |
| **COSTCO WHOLESALE CORPORATION, ET AL.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. #31) is **DENIED**.

## BACKGROUND

This matter is before the court on defendant's motion for summary judgment. Defendant, Costco Wholesale Corporation, argues that it is entitled to summary judgment because plaintiff, Lisa Dupont, cannot prove all of the elements necessary to recover for her alleged slip and fall, specifically, she cannot prove that Costco had actual or constructive knowledge of the water on the floor.

Dupont filed this action against Costco in the Civil District Court, Parish of Orleans, State of Louisiana, alleging that she was injured when she slipped and fell inside Costco's store in New Orleans, Louisiana. Costco removed the action to the United States District Court for the Eastern District of Louisiana alleging that this court has diversity subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332, because there is more than $75,000 in controversy and the named parties are completely diverse. After conducting discovery, Costco filed a motion for summary judgment arguing that it is entitled to judgment in its favor because Dupont cannot prove that Costco had actual or constructive knowledge of the condition that allegedly caused Dupont's fall.

## ANALYSIS

**I.     Summary Judgement Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of

evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**II.     Costco's Motion for Summary Judgment**

Louisiana Revised Statutes § 9:2800.6, which establishes the burden of proof in slip and fall cases brought against merchants, provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
>> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>>
>> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>>
>> (3) The merchant failed to exercise reasonable care.

La. Rev. Stat. § 9:2800.6. A plaintiff may prove a merchant's 'constructive notice' of a condition by showing 'that the condition existed for such a period of time that it would have been discovered if the merchant had exercises reasonable care.' Id. at § 9:2800.6(C)(1). However, an employee's presence 'in the vicinity in which the condition existed does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.' Id. The plaintiff's failure to prove any of the elements stated in §

9:2800.6(B) will result in judgment in the merchant's favor. Harrison v. Horseshoe Entm't, 823 So.2d 1124 (La. Ct. App. 2002).

Costco argues that Dupont cannot establish that Costco had actual or constructive knowledge of the water on the floor because Dupont testified at her deposition that she did not see anything on the floor before she slipped and fell, did not see anyone spill or drop anything in the area where she fell, and did not have any information as to how the water got on the floor or how long it was there. Dupont's husband, John Dupont, also testified at his deposition that he did not observe any condition in the floor in the area where his wife fell, and he did not know how the water got there. No Costco employee testified to seeing the water on the floor prior to Dupont's fall.

Dupont argues that there are genuine issues of material fact that preclude summary judgment regarding Costco's actual or constrictive knowledge of the water on the floor. At his deposition the store manager, Christian Boedding, was shown photographs of Dupont on the floor after her fall. The photographs show water droplets on the floor. Boedding testified that he would assume that it was raining on the date in question because the water on the floor looked like drip from a shopping cart, which he has seen before. There is also surveillance video of another Costco employee drying off carts, and yet another Costco employee, Extell Favre testified that rainwater often falls off of shopping carts in the seasonal department, which is where Dupont fell. Thus, Dupont argues that Costco knew that wet shopping carts could leave water on the floor and create a slipping hazard.

Dupont has pointed to evidence that establishes genuine issues of material fact concerning Costco's actual or constrictive knowledge of the water on the floor. Costco's motion for summary judgment is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. #31) is **DENIED**.

New Orleans, Louisiana, this  6th   day of February, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**