UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA DUPONT | CIVIL ACTION |
| VERSUS | NO: 17-4469 |
| COSTCO WHOLESALE CORP., ET AL | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Strike Claims for Medical Damages** (Rec. Doc. 105) filed by defendant Costco Wholesale Corporation ("Costco") is **DENIED**.

**IT IS FURTHER ORDERED** that Costco's **Local Rule 72.2 Motion for Review of Magistrate's Order** (Rec. Doc. 111) is **DENIED**, and the Magistrate Judge's Order is affirmed in all respects.

## BACKGROUND

On February 13, 2019, this court entered an order requiring plaintiff's counsel to produce an itemization of all paid medical expenses in this case, including any discount obtained, within ten days of entry of its order, barring which the claims would be stricken. Rec. Doc. 78. On February 22, 2019, plaintiff's counsel filed a declaration that he had not made any payments toward plaintiff's medical expenses, was unaware of any payments having been made, and neither he nor the plaintiff had negotiated any discounts with the providers. Rec. Doc. 81. Attached to the declaration was an itemization of charges for plaintiff's medical care, as reported and provided by Medport LA, LLC ("Medport"), the company who had purchased the receivables.

The charges, itemized by provider, total $205,673.78. In every instance the "Current Owner" of each medical expense is identified as Medport LA, LLC, one of two litigation financing companies reflected on plaintiff's medical bills as the "insurer." Each of the medical expenses listed was also identified as being "payable to Medport L.A."

Costco maintains that this response was inadequate, because it does not reflect actual amounts paid on plaintiff's behalf, or any discounts obtained. The gist of Costco's complaint is that it believes that plaintiff and/or her attorneys have negotiated a discount for the medical costs, but she is seeking damages in the amount of the total billed and thus demanding an impermissible windfall. Accordingly, Costco served a subpoena on seven of plaintiff's medical providers, namely, DISC of Louisiana, D.I.S. Slidell, LLC, Fairway Medical Center/Avala Hospital, Omega Physicians, Lonseth Interventional Pain Centers, Orthopedic Center for Sports Medicine, and Diagnostic Monitoring Services, seeking:

> Any and all documents in your possession regarding any payments received by your facility, including but not limited to any purchase or payment of your facility's accounts receivable, in whole or in part for treatment rendered at your facility to Lisa Dupont, 8614 Grant Street, New Orleans, La 70127, DOB 8/30/1960, SSN REDACTED. This subpoena is to encompass any and all records of payments, any and all purchases of accounts receivable, in whole or in part, and any and all other agreements regarding the reimbursement, in whole or in part, of medical expenses billed by you for treatment rendered to the above identified patient, including but not limited to, copies of any and all correspondence, agreements, contracts, checks and any and all other documents representing communications between your facility and Medport LA, LLC and/or Total Medical Concepts, LLC.

All of the providers objected to the subpoenas, and Medport also filed an objection. In response to the subpoena, Fairway Medical Center/Avala Hospital ("FMC") and D.I.S. Slidell, LLC,

2

("DIS") provided documentation of the amount billed and amount paid by Medport, not Lisa Dupont. FMC provided documentation that it received $81,833.90 which was purchased by Medport for $32,733.56. DIS produced records showing that it billed $3762.00 and received $1650.00. However, neither FMC nor DIS produced its contract with Medport. According to Coscto, DISC of Louisiana, Diagnostic Monitoring Services, and Omega Physicians failed to reply at all. The Orthopedic Center provided some records, including a letter to Total Medical Concepts indicating that the accepted costs for the patient's left knee arthroscopy with partial medial meniscectomy and possible partial lateral meniscectomy and chondroplasty is $7,333.00.

Costco filed a motion to compel compliance with the subpoenas, which along with the providers' objections, were heard before the Magistrate Judge on September 25, 2019. At the hearing, the Magistrate Judge ordered that Medport produce a copy of its contract with all healthcare providers for *in camera* inspection by Friday, September 27, 2019. In an order entered on October 15, 2019, she granted in part and denied in part Costco's motion to compel. For those providers who had provided documentation of the amounts billed, the motion was denied. For those providers who had not provided documentation of the amounts billed, the motion was granted to the extent it required them to provide that documentation. As to the production of the medical funding agreement, the Magistrate Judge found that neither the funding agreement nor the actual amounts received were relevant nor probative of any claim in the case. Rec. Doc. 109, p. 10. She went on to state:

> . . . the *in camera review* of the funding agreements further bolster this position because confidentiality is a term of the agreement between the funding company and the medical provider. Additionally, the provider transferred any entitlement to

payment for services to the funding company and assigned its right to collect from the patient/plaintiff to the funding company. In exchange for not having to wait until the completion of the case it agreed to take less than it was entitled to recover for the services it rendered to the plaintiff. This however has no bearing on the plaintiff's entitlement to recover the full amount of medical costs because she is on the hook for the full costs.

Id.

# DISCUSSION

*Motion to Strike*

In both motions now before the court, the central issue is whether the amount and terms of the discount that the providers accepted in exchange for the receivables that they assigned to Medport is relevant to the issues for trial in this matter. Costco maintains that under the exception to the collateral source rule addressed by the Supreme Court of Louisiana in Hoffman v. 21st Century North American Ins. Co., 2019 So. 3d 702 (La. 2015), allowing plaintiff to recover the full amount billed by the providers rather than the actual amount paid to them amounts to an impermissible windfall for plaintiff. Plaintiff, relying on Whitley v. Pinnacle Entm't, Inc. of Delaware, 2017 WL 1051188 (M.D. La. Mar. 20, 2017), argues that the total amounts billed is the correct measure of damages because despite Medport's purchase of the receivables at a discount (which represents Medport's profit), she is still required to pay the full customary costs of her medical care, i.e., the total amounts billed.

The collateral source rule prevents a tortfeasor from benefitting if the plaintiff received payment from sources independent of the tortfeasor. Bozeman v. State, 879 So. 2d 692, 698. (La. 2004) The underlying rationale is that a tortfeasor should not benefit by a reduction in damages

from outside benefits provided to the plaintiff or procured by the plaintiff. Id. Under the collateral source rule, a plaintiff may present the full value of treatment, because otherwise the plaintiff might not be fully compensated for her injuries, and any difference would necessarily inure to the benefit of the accused tortfeasor. Whitley, 2017 WL 1051188, at *2.

In Hoffman, the Supreme Court of Louisiana recognized an exception to the collateral source rule when the plaintiff's attorney negotiated a discount with the medical provider. Hoffman, 2015 WL 5776131 at *4. In that event, the Supreme Court of Louisiana acknowledged that "allowing the plaintiff to recover an amount for which he has not paid, and for which he has no obligation to pay, is at cross purposes with the basic principles of tort recovery." Id. at *4. Thus, under Hoffman, an exception to the collateral source rule exists when a plaintiff attorney negotiates a discount for a client and the total amount the client is obligated for is reduced.

While Costco argues that this case presents facts analogous to Hoffman, in which the plaintiff's attorney secured a discount that was excepted from the collateral source rule, the record demonstrates otherwise. In Hoffman, the plaintiff was ultimately liable only for the discounted amount. In the present case, after an *in camera* inspection of the agreement between Medport and plaintiff's providers, the Magistrate Judge determined that the agreement provides no discount to plaintiff. The undersigned has conducted an independent *in camera* inspection of the documents and is in full agreement with the Magistrate Judge's assessment. The providers assigned to Medport the right to recover the full amount billed to plaintiff, and plaintiff remains personally liable for the full amount billed. Plaintiff's attorney has not negotiated a discount of the total amounts owed by plaintiff which must be passed on to the tortfeasor defendant under

<u>Hoffman</u>. To the contrary, as in <u>Whitley</u>, plaintiff is entitled to present evidence of the total costs she is actually obligated to pay, which, under the terms of the operative financing agreements, are the full billed costs. Accordingly, Costco's Motion to Strike Claims for Medical Damages is denied.

*Motion to Review Magistrate's Order*

The Federal Magistrates Act grants district courts authority to assign magistrates certain described functions as well as such additional duties as are not inconsistent with the Constitution and laws of the United States." <u>Peretz v. United States</u>, 501 U.S. 923 (1991) (internal quotation and footnote citation omitted). Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any pretrial matter pending before the court, with a few exceptions. The district judge reviews the magistrate judge's orders on non-dispositive pretrial matters assigned under subparagraph A on a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); see <u>Perales v. Sasilla</u>, 950 F.2d 1066, 1070 (5th Cir. 1992). This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948).

The foregoing analysis of Costco's Motion to Strike, which is in full agreement with the Magistrate Judge's order entered October 15, 2019 (Rec. Doc. 109), moots Costco's motion to review that order. However, the court notes that Costco has raised new arguments for the first time in its motion to review: first, that the confidentiality clause in the agreements does not render it immune from discovery; and second, that Costco is entitled to determine whether the

6

agreements comprise valid, enforceable assignments, because the both it and plaintiff are bound by agreements which they have not seen.

Initially, the court notes that the Fifth Circuit has repeatedly observed that " 'a party has a duty to put its best foot forward before the Magistrate Judge—i.e., to spell out its arguments squarely and distinctly—and, accordingly, that [ ] party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge[.]'" Smith v. Palafox, 728 F. App'x 270, 276 (5th Cir. 2018) (quoting Cupit v. Whitley, 28 F.3d 532, 535 n. 5 (5th Cir. 1994). On that basis alone, the motion to review is subjet to denial.

However, the court makes two observations with respect to Costco's motion for review of the Magistrate Judge. First, the principal grounds for not requiring disclosure of the assignment agreements was not their confidentiality, which the Magistrate Judge noted in passing, but the fact that they are not relevant – a conclusion with which the court agrees. Second, the notion that Costco is entitled to determine whether the agreements comprise valid, enforceable assignments, because both it and plaintiff are bound by agreements which they have not seen, is without merit. Costco and the plaintiff are legal strangers to the agreements, which do not bind them. Costco is bound by Louisiana tort law to pay the full measure of damages it is found to have caused. Plaintiff is bound by her initial agreement with the providers to pay the full amounts billed by them, which happen to now be owned by Medport. The Magistrate Judge correctly determined that the agreements and the amounts accepted by the providers is irrelevant, and the motion to

review that order is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that the **Motion to Strike Claims for Medical Damages** (Rec. Doc. 105) filed by defendant Costco Wholesale Corporation ("Costco") is **DENIED**.

**IT IS FURTHER ORDERED** that Costco's **Local Rule 72.2 Motion for Review of Magistrate's Order** (Rec. Doc. 111) is **DENIED**, and the Magistrate Judge's Order is affirmed in all respects.

New Orleans, Louisiana, this _13th_ day of November, 2019.

_(signature)_

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**