# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LISA DUPONT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-4469** |
| **COSTCO WHOLESALE CORP., ET AL** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Costco Wholesale Corporation's ("Costco's") Post-Trial **Motion for Judgment as a Matter of Law, and Alternatively for New Trial** (Rec. Doc. 132) is **DENIED**.

## BACKGROUND

Lisa Dupont slipped and fell on a clear liquid in the seasonal aisle of Costco. After her accident, Dupont, her husband, and Costco manager Christian Boedding all observed droplets of a clear liquid scattered across an area measuring approximately four to five feet.[1] Trial testimony established that it was raining on the day in question, and the source of the liquid was rainwater from a wet grocery cart.[2] The Costco employee manual reflects that in greeting customers as they enter the store, employees are required to "aid members with weather related obstacles, i.e., dry

---

[1] See Pltf's Trial Exh. 9 (photograph of accident scene).

[2] Both Costco Manager Boedding (Transcr. Vol. I, 29:8-13) and Costco employee Extell Farve (Id., 20:1-8) testified that it was their opinion that the water source was rainwater that had dripped off a wet cart.

off wet carts...."[3]

Surveillance video reflects Costco employee Sheila Brewer wiping rain water off of cart handles and the red part (child seat) as the carts entered the store at 4:47 p.m.[4] On being shown this video at trial, Costco employee Alexandria Henry testified that Brewer was not wiping down the baskets the way she had been trained, in that she was not wiping the sides.[5]

The Duponts entered the store at approximately 5:15 p.m., and Mrs. Dupont's fall occurred between 5:15 and 5:25 p.m.. The incident report form was completed at 5:35 p.m.

Boedding testified that Costco employees conduct an hourly floor walk to identify and remedy hazards.[6] Costco employee Alexandria Henry testified that on the date in question, she conducted a floor walk beginning at 5:16, and normally would have reached the seasonal department in about 20 minutes, or at 5:36. Thus, she did not encounter the wet floor, nor witness the accident.[7]

After a jury trial, the jury returned a verdict in favor of Dupont, finding by a preponderance of the evidence that the premises at Costco on the date of the accident contained a defect that posed an unreasonable risk of harm, that Costco knew or in the exercise of reasonable care should have know of the defect, and that the accident could have been prevented by the

---

[3] Pltf's Trial Exh. 3.

[4] Pltf's Trial Exh. 1.

[5] Transcr. Vol. I, 65:7-21.

[6] Transcr. Vol. I, 27:6-8.

[7] Transcr., 67:5-68:2.

exercise of reasonable care.

Costco has filed the instant motion arguing that it is entitled to judgment in its favor as a matter of law, because the trial evidence does not establish the required temporal element of constructive notice of the hazard. In other words, Costco submits that Dupont did not put present evidence that the water had been on the floor for "some period of time," prior to her accident. In contrast, plaintiff argues that it did establish that the hazard was present for some period of time, but in any event, such a finding is unnecessary because Costco created the hazard.

## APPLICABLE LAW

*Legal Standards*

Pursuant to Rule 50(b), if the court does not grant a motion for judgment as a matter of law during a jury trial, the movant may file a renewed motion for judgment as a matter of law, and include an alternative or joint request for a new trial under Rule 59. "In evaluating [a Rule 50(b)] motion ... the court is to view the entire record in the light most favorable to the non-movant, drawing all factual inferences in favor of ... the non-moving party, and leaving credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts to the jury." Conkling v. Turner, 18 F.3d 1285, 1300 (5th Cir.1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)). A Rule 50(b) motion for judgment as a matter of law will be granted only if

> the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict ... On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should

be denied.

Brown v. Bryan County, OK, 219 F.3d 450, 456 (5th Cir. 2000) (quotations and citations omitted). Granting a Rule 50 motion "is not a matter of discretion, but a conclusion of law based upon a finding that there is insufficient evidence to create a fact question for the jury." In re Litterman Bros. Energy Sec. Litig., 799 F.2d 967, 972 (5th Cir.1986) (citations omitted).

*Premises Liability in Louisiana*

Louisiana Revised Statutes § 9:2800.6, which establishes the burden of proof in slip and fall cases brought against merchants, provides in part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >
> > (2) The merchant either created **or** had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> >
> > (3) The merchant failed to exercise reasonable care.

La. Rev. Stat. § 9:2800.6 (emphasis added). When a plaintiff relies upon constructive notice, the plaintiff must come forward with "positive evidence" showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the

4

merchant defendant on notice of its existence. White v. Wal-Mart Stores, Inc., 699 So. 2d 1081, 1086. However, the positive showing of the temporal requirement comes into play only when there is an absence of evidence indicating how the hazard was created. Id. at 1088 (no discussion of constructive notice necessary when plainitff showed that merchant created the hazard).

## APPLICATION OF LAW TO FACTS

In the present motion, Costco emphasizes what it considers to be the dearth of evidence regarding the amount of time the water hazard remained on the floor prior to Mrs. Dupont's accident. That argument overlooks a critical fact: the record includes adequate evidence from which a reasonable jury could have concluded that Costco created the hazard, so evidence of Costco's constructive notice, including the length of time it remained is irrelevant. See La. R.S. 9:2800.6(B)(2).

Video evidence shows that Costco employees were wiping down carts to remove rain water as they entered the store. The video further reflects that only the handles and child seats were being wiped. According to the testimony of Costco employee Alexandria Henry, this was inconsistent with Costco protocol that the carts' sides should be wiped. Both Costco Manager Christian Boedding and Extell Farve testified that the water Dupont slipped in was from wet carts. Farve also testified that when wet carts entered the store, droplets tended to find their way to the floor in areas in which heavier items were placed in the carts, specifically the seasonal area where Dupont's fall occurred. Because floor walks were conducted hourly, and a floor walker reached the seasonal department at approximately 5:36 p.m., presumably the previous

5

floor walker traversed the seasonal aisle at approximately 4:36 p.m., or about 45 minutes prior to Mrs. Dupont's accident.

On this evidence, the jury could reasonably have concluded that Costco created the hazard, because it knew wet carts were coming into the store and it was not drying them adequately and according to store protocol. The jury may also have reasonably concluded that Costco did not exercise reasonable care because it did not adequately dry carts, and because it walked its aisles only once per hour on a day when it knew wet carts were coming in to the store, especially in sections of the store that it knew were prone to collecting water, such as the seasonal aisle where this accident occurred.

Accordingly, reviewing the record in the light most favorable to plaintiffs, the court cannot find that jurors could not reasonably conclude that Costco created the hazard that caused Dupont's accident, and thus, it need not reach the question whether the hazard remained on the floor for a period of time long enough to impute constructive notice to Costco. Accordingly,

**IT IS HEREBY ORDERED** that defendant Costco Wholesale Corporation's Post-Trial **Motion for Judgment as a Matter of Law, and Alternatively Motion for New Trial** (Rec. Doc. 132) is **DENIED**.

New Orleans, Louisiana, this  29th  day of January, 2020.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**